UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DOMINGA VALDEZ,

Plaintiff,

vs.

KALMD HOME CARE LLC,

Defendant.

Case No.
6:24-cv-237-GAP-RMN

## REPORT AND RECOMMENDATION

This matter is before the Court without oral argument on Plaintiff's Motion for Final Default Judgment (Dkt. 22), filed September 16, 2024. Upon consideration, it is respectfully recommended that Plaintiff's Motion be granted in part and denied in part.

### I. BACKGROUND

On February 1, 2024, Plaintiff filed a 7-count Complaint against Defendant Kalmd Home Care alleging violations of the Family and Medical Leave Act ("FMLA") (Counts I, II, and III), the Americans with Disabilities Act ("ADA") (Counts IV, V, and VI), and the Florida Civil Rights Act ("FCRA") (Count VII). *See* Dkt. 1. Defendant was served with the Complaint on March 25, 2024, and has failed to timely respond. Dkt. 14-1. As a result, the Clerk of Court entered default on July 11, 2024. Dkt. 19. Pursuant to Fed. R. Civ. P.

55(b)(2), Plaintiff now moves for entry of final default judgment. Dkt. 22. The matter is ripe for review.

## II. LEGAL STANDARDS

The Federal Rules of Civil Procedure establish a two-step process for obtaining default judgment. First, when a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend as provided by the Federal Rules, the Clerk may enter default. Fed. R. Civ. P. 55(a). Second, after obtaining a clerk's default, the Plaintiff must move for default judgment. Fed. R. Civ. P. 55(b). Before entering default judgment, the Court must ensure that it has jurisdiction over the claims and parties, and that the well-pled factual allegations, which are assumed to be true, adequately state a claim for which relief may be granted. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1] Importantly, a default is not "an absolute confession by the defendant of . . . the plaintiff's right to recover." *Id.* Thus, even when there is a default, "the [p]laintiff bears the burden of demonstrating that it is entitled to the relief it seeks." *Branch Banking & Tr. Co. v. Recon Test Equip., Inc.*, No. 6:19-cv-624, 2019 WL 13064728, at *2 (M.D. Fla. Nov. 26, 2019).

If default judgment is warranted, then the court must next consider whether the Plaintiff is entitled to the relief requested. "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." *See* Fed. R. Civ. P. 54(c).

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

## III. ANALYSIS

### A. Jurisdiction

This Court has subject matter jurisdiction over this action pursuant to 28 U.SC. § 1331 because it involves a federal question. This Court has personal jurisdiction over Kalmd Home Care LLC, a Florida LLC doing business in the state of Florida. Fla. Stat. § 48.193.

### B. The Entry of Default

Plaintiff properly served Defendant Kalmd Home Care by substitute service upon the Secretary of State as the agent of the LLC on March 24, 2025. *See* Dkt. 15; Fed. R. Civ. P. 4(h)(1); Fla. Stat. § 48.062. Defendant failed to appear, and no responsive pleading was ever filed. The Clerk of Court entered Clerk's Default on July 11, 2024. Dkt. 19.

### C. Liability

#### 1. FMLA

Plaintiff asserts three separate counts that amount to FMLA interference and retaliation claims. *See* Dkt. 1 ¶¶ 17–62.

To establish an FMLA interference claim, the employee "need only show that [her] employer interfered with or denied [her] a FMLA benefit to which [she] is entitled." *Leach v. State Farm Mut. Auto. Ins. Co.*, 431 F. App'x 771, 776 (11th Cir. 2011). "An interference claim has two elements: (1) the employee was entitled to a benefit under the FMLA; and (2) her employer denied her that benefit." *White v.*

*Beltram Edge Tool Supply, Inc.*, 789 F.3d 1188, 1191 (11th Cir. 2015).[2]

In turn, to state a claim for FMLA retaliation, "an employee must allege that (1) [she] engaged in a statutorily protected activity; (2) [she] suffered an adverse employment decision; and (3) the decision was causally related to the protected activity." *Walker v. Elmore Cnty. Bd. Of Educ.*, 379 F.3d 1249, 1252 (11th Cir. 2004).

Plaintiff's Complaint contains the required allegations to state a claim for FMLA retaliation and interference. Plaintiff alleges that she was an "eligible employee" and worked for the Defendant for the requisite hours in the year before. Dkt. 1 at ¶¶ 18–20. She alleges that she gave the requisite notice to her employer that she had a serious health condition requiring her to be out of work for 2 days. *Id.* at ¶¶ 13, 24–25. Plaintiff further alleges that instead of providing her notice that her leave may be covered by the FMLA, Defendant terminated her without cause. *Id.* at ¶¶ 28–29. Thus, the Motion should be granted as to Counts I, II, and III.

### 2. ADA & FCRA

#### a. Discrimination

Plaintiff alleges four separate ADA and FCRA disability discrimination and retaliation claims. *See* Dkt. 1 at ¶¶ 63–130. The ADA prohibits employment discrimination against a qualified

---

[2] The first element of an FMLA interference claim subsumes multiple elements—(1) that the defendant is a covered entity; (2) that the plaintiff is eligible for FMLA benefits, (3) that the plaintiff sought leave for a qualifying reason; and (4) that the plaintiff provided notice meeting certain criteria. *See Moore v. GPS Hosp. Partners IV, LLC*, 383 F. Supp. 3d 1293, 1297 n.1 (S.D. Ala. 2019).

individual on the basis of disability. 42 U.S.C. § 12112(a). To make out a prima facie case of discrimination in violation of the ADA, a plaintiff must show that "(1) [s]he has a disability; (2) [s]he is a qualified individual; and (3) [s]he was subjected to unlawful discrimination because of [her] disability." *Davis v. Fla. Power & Light Co.*, 205 F.3d 1301, 1305 (11th Cir. 2000)." "[D]isability-discrimination claims under the FCRA are analyzed using the same framework as ADA claims." *Holly v. Clarison Indus., L.L.C.*, 492 F.3d 1247, 1255 (11th Cir. 2007) (considering ADA and FCRA claims together).

Next, the ADA prohibits employers from retaliating against an employee who "has opposed any act or practice made unlawful by this Act or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this Act." 42 U.S.C. § 12203(a). To state a claim for ADA retaliation, Plaintiff must allege (1) that she engaged in a statutorily protected activity or expression, (2) that she suffered an adverse employment action, and (3) a causal connection between the protected acts and the adverse employment action. *See Batson v. Salvation Army*, 897 F.3d 1320, 1327 (11th Cir. 2018). The allegations in the Complaint fall short of establishing a prima facie case of disability discrimination and retaliation violation of both the ADA and the FCRA.

As to the first element, Plaintiff has not—and cannot—establish that she is disabled or engaged in protected activity. Besides the conclusory allegation that her condition "qualified as a disability or was regarded as a disability by the Defendant, within the meaning of

the ADA," (Dkt. 1 at ¶ 72), Plaintiff has not alleged she was disabled or regarded as disabled under the relevant statutes. Plaintiff does allege that she was ill with pneumonia and that she was "incapacitated to work for a very limited period of time while she recuperated." Dkt. 1 at ¶¶ 70–71. It is axiomatic, however, that "a temporary condition, such as Plaintiff's pneumonia, cannot be the basis of an ADA [or FCRA] claim as a matter of law." *See Reis v. Universal City Dev. Partners, Ltd.*, 442 F.Supp.2d 1238, 1244 (M.D. Fla. 2006) (citing *Rinehimer v. Cemcolift, Inc.*, 292 F.3d 375, 380 (3d Cir. 2002) ("[Plaintiff's] pneumonia was a temporary impairment . . . and hence not a disability for purposes of the ADA."))[3]

Moreover, Plaintiff does not—and cannot—properly allege any claim that Plaintiff was "regarded as" having a disability under the ADA and FCRA. To be covered under the "regarded as" prong of the ADA, the employer must "regard[] the employee to be suffering from an impairment within the meaning of the statutes, not just that the employer believed the employee to be somehow disabled. *Francis v. City of Meriden*, 129 F.3d 281, 286 (2d Cir. 1997). Here, Plaintiff alleges that "[t]he ER doctor recommended Plaintiff stayed home for

---

[3] The law on this issue is crystal clear. *See Garrett v. Univ. of Ala. at Birmingham Bd. Of Trs.*, 507 F.3d 1306, 1315 (11th Cir. 2007) ("A severe limitation that is short term and temporary is not evidence of a disability."); *Diaz v. Transatlantic Bank*, 367 F. App'x 93, 98 (11th Cir. 2010); *Godbee v. Sam's West, Inc.*, No. 21-60513, 2022 WL 2804843, at *3 (S.D. Fla. Feb. 17, 2022) (discussing transitory and minor impairments) (collecting cases). Counsel is reminded that Federal Rule of Civil Procedure 11 requires lawyers "to 'stop-and-think' before . . . making legal or factual contentions" in legal filings. Fed. R. Civ. P. 11 advisory committee's note to 1993 amend.

2 days and rest." Dkt. 1 at ¶ 13. And an individual cannot be regarded as having an impairment if that impairment is "transitory and minor"—that is, an impairment with an actual or expected duration of six months or less. 29 C.F.R. §§ 1630.2(g)(1)(iii), (j)(1)(ix).

In light of the foregoing, Plaintiff has not shown she is entitled to final default judgment against Defendant on Counts IV, V, VI, and VII and the Motion should be denied as to those Counts.

### D.   Damages for FMLA Violations

Under the FMLA, an employer found to be in violation is liable to the employee for damages equal to "any wages, salary, employment benefits, or other compensation denied or lost to such employee by reason of the violation." 29 U.S.C. § 2617(a)(1)(A)(i)(I). Plaintiff is also entitled to recover "liquidated damages equal to the sum of the amount described [as lost compensation] and the interest." 29 U.S.C. § 2617(a)(iii). "liquidated damages are awarded presumptively to an employee when an employer violates the FMLA, unless the employer demonstrates that its violation was in good faith and that it had a reasonable basis for believing that its conduct was not in violation of the FMLA." *Williams v. Crown Liquors of Broward, Inc.*, 880 F. Supp. 2d 1286, 1288 (S.D. Fla. 2012).[4]

Plaintiff maintains that she was unemployed for eight weeks following her wrongful termination. *See* Dkt. 22 at 3. And because she was making approximately $15.00 per hour or $600.00 per week, she

---

[4] Because Defendant has not responded to the lawsuit, there is no basis to find that its actions were in good faith or reasonable. Plaintiff is therefore entitled to liquidated damages in an amount equal to the lost wages discussed below.

calculates her lost wages as $4,800.00. *See id.*; Dkt. 22-1. As Defendant failed to participate in the case, Plaintiff's declaration (Dkt. 22-1) is the best evidence of her compensatory damages. Accordingly, the Court should award her $4,800.00 in back wages and $4,800.00 in liquidated damages. *See Smith v. Magic Burgers LLC*, No. 5:23-cv-332, 2023 WL 9196714, at *2 (M.D. Fla. Nov. 16, 2023) (awarding compensatory damages in FMLA case without a hearing where the record presented a "straightforward basis for the damages claimed").

### E. Attorney's Fees and Costs

The Court should direct counsel to separately move for attorney's fees and costs pursuant to Local Rule 7.01.

## IV. RECOMMENDATION

Accordingly, it is respectfully **RECOMMEND**:

1. Plaintiff's Motion for Entry of Final Default Judgment (Dkt. 22) should be **GRANTED in part** as to Counts I, II, and III; **and DENIED in part** as to Counts IV, V, VI, and VII;

2. The Clerk should be **DIRECTED** to enter default judgment in favor of Plaintiff and against Defendant on Counts I, II, and III;

3. The Court should **AWARD** Plaintiff $4,800.00 in back wages and $4,800.00 in liquidated damages; and

4. Once judgment is entered, the Court should **DIRECT** the Clerk to close this case.

### Notice to Parties

"Within 14 days after being served with a copy of [a report and recommendation], a party may serve and file specific written

objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters review by the district judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

**ENTERED** in Orlando, Florida, on March 18, 2025.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

Copies to:

Hon. Gregory A. Presnell

Counsel of Record