UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DOMINGA VALDEZ,

    Plaintiff,

vs.

KALMD HOME CARE LLC,

    Defendant.

Case No.
6:24-cv-237-GAP-RMN

## REPORT AND RECOMMENDATION

This matter is before the Court for consideration on Plaintiff's Motion for Attorney's Fees and Costs (Dkt. 27), filed April 17, 2025. The Motion has been referred to me for a Report and Recommendation. Upon consideration, I respectfully recommend that the Motion be granted in part and denied in part.

### I.   BACKGROUND

On February 1, 2024, Plaintiff filed a 7-count Complaint against Defendant Kalmd Home Care alleging violations of the Family and Medical Leave Act ("FMLA") (Counts I, II, and III), the Americans with Disabilities Act ("ADA") (Counts IV, V, and VI), and the Florida Civil Rights Act ("FCRA") (Count VII). *See* Dkt. 1. Defendant failed to appear, and final default judgment was entered on April 4, 2025 only on Plaintiff's FMLA claims. *See* Dkts. 14-1

(Proof of service), 19 (Clerk's Entry of Default), 25 (Final Default Judgment). The Report and Recommendation (Dkt. 23), which was adopted by the Court, directed Plaintiff to file any request for fees in accordance with the Local Rules. Dkt. 24.

## II. LEGAL STANDARD

Under the Family Medical Leave Act ("FMLA"), the court "shall . . . allow a reasonable attorney's fees, reasonable expert witness fees, and other costs of the action to be paid by the defendant." 29 U.S.C. § 2617(a)(3). The Court calculates reasonable attorney's fees according to the lodestar approach, which multiplies the "hours reasonably expended by a reasonable hourly rate." *Norman v. Hous. Auth. Of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). A reasonable hourly rate is the common rate in the area "for similar services by lawyers of reasonably comparable skills, experience and reputation." *Id.* An applicant requesting attorney's fees has the burden of showing "that the requested rate is in line with the prevailing market rates." *Id.* But the Court "has wide discretion in exercising its judgment on the appropriate fee based on its own expertise." *Id.* at 1304.

To aid in analyzing a fee request's reasonableness, the Supreme Court has stated that courts may consider the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714

(5th Cir. 1974).[1] *See Blanchard v. Bergeron*, 489 U.S. 87, 91 (1989).

Those factors include:

>(1) The time and labor required;
>
>(2) The novelty and difficulty of the questions presented;
>
>(3) The skill required to perform the legal service properly;
>
>(4) The preclusion of other employment by the attorney due to acceptance of the case;
>
>(5) The customary fee;
>
>(6) Whether the fee is fixed or contingent;
>
>(7) Time limitations imposed by the client or circumstances;
>
>(8) The amount involved and the results obtained;
>
>(9) The experience, reputation, and ability of the attorneys;
>
>(10) The "undesirability" of the case;
>
>(11) The nature and length of the professional relationship with the client; and
>
>(12) Awards in similar cases.

*Johnson*, 488 F.2d at 717–19.

### III. ANALYSIS

The Court must first consider entitlement to fees. If entitlement is found, the Court then determines the reasonableness

---

[1] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981, like *Johnson*. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

of the fee request.[2] Lastly, the Court must consider Plaintiff's request for costs.

### A. Entitlement

The FMLA provides for attorney's fees to any prevailing Plaintiff. 29 U.S.C. § 2617. And because Plaintiff prevailed on her FMLA claims against Defendant Kalmd Home Care, she is therefore entitled to an award of fees. *See* Dkt. 24 (Order granting default judgment against defendant on FMLA claims). Thus, I respectfully recommend the Court find Plaintiff is entitled to an award of attorney's fees on her FMLA claims against Defendant Kalmd Home Care LLC.

### B. Reasonableness

The lodestar approach requires the Court to consider the reasonable hourly rate requested by counsel and the reasonableness of the hours expended. Attorney Julisse Jimenez submitted billing records (Dkt. 27-1), an affidavit in support of her motion (Dkt. 27-2), and a statement of experience for Jimenez and her paralegal Ursula Lanfranco (Dkt. 27-3). Jimenez states her hourly rate is $450.00 per hour and that she spent 3.45 hours on this matter.[3]

---

[2] The Court could deny the motion altogether because it is not bifurcated, as required by Local Rule 7.01(a). Although I considered recommending this outcome, I respectfully recommend the Court consider the motion as properly filed.

[3] Jimenez represents that she reduced her hours from the billing records to represent the hours spent on claims that ultimately failed. *See* Dkt. 27 at 4 n.3. But, because Jimenez reduced the hours

Jimenez also states that her paralegal's rate is $75.00 per hour, and that her paralegal spent 10.56 hours on this matter. *See* Dkt. 27 at 3.

### 1. Reasonable Hourly Rate

A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. *Norman*, 836 F.2d at 1299. The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates. *Id.* (citing *NAACP v. City of Evergreen*, 812 F.2d 1332, 1338 (11th Cir. 1987)). Satisfactory evidence is more than the affidavit of the attorney performing the work, and such evidence "must speak to rates actually billed and paid in similar lawsuits." *Id.*

In determining what is a reasonable hourly rate and what number of compensable hours is reasonable, the court may consider the factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). *See Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time

---

without removing the *time entries* spent on the unsuccessful claims, the total hours and amounts claimed in the Motion are different than the itemized entries in the invoice (Dkt. 27-1).

limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and the ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717–19. These factors guide, and are usually subsumed within, the Court's lodestar calculation. *Hensley v. Eckerhart*, 461 U.S. 424, 434 n.9 (1983).

Jimenez has been licensed for about 16 years. She states that she has "handled general litigation cases in the areas of business, commercial litigation, employment and securities law both in state and federal court, and has also worked in numerous business and real estate transactions." Dkt. 27-3. Jimenez states that she has tried several jury and non-jury trials, has handled appeals to the Third District Court of Appeals, participated in arbitrations, and "is experienced in negotiating and mediating cases." *Id.* Jimenez states her reasonable hourly rate is $450.00 per hour. I find this rate reasonable for an FLSA wage and hour case brought by an attorney with similar experience as Jimenez in this district. *See, e.g., Ramos v. Jack's Legacy Servs., LLC*, No. 6:24-cv-903, 2024 WL 4216558, at *2 (M.D. Fla. Aug. 30, 2024) (finding hourly rate of $450 per hour reasonable for attorney of similar background and experience in FLSA wage and hour case). Based on this, I recommend the Court find the proposed rate reasonable.

Likewise, Lanfranco states that she has provided legal assistance support and to several litigation attorneys since 2012. Currently, Lanfranco oversees all legal assistants at her current law firm. *Id.* Lanfranco states that her reasonable hourly rate is $75.00 per hour. I find this rate to be reasonable considering the rates charged for paralegals and legal assistant work typically billed in this district. *See Kanner v. Beverly*, No. 6:23-cv-1706, 2025 WL 1268845, at * 3 (M.D. Fla. Apr. 11, 2025) (noting paralegals in this district are typically billed between $75.00 and $125.00 per hour). Based on this, I recommend the Court find the proposed rate for Lafranco reasonable.

### 2. Reasonable Hours

Next, the Court must determine whether the hours expended are reasonable. Fee applicants must exercise "billing judgment," meaning they should omit hours that are excessive, redundant, or otherwise unnecessary, regardless of experience or skill. *Barnes*, 168 F.3d at 428. If fee applicants fail to exclude "excessive, redundant, or otherwise unnecessary" hours, which are hours "that would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill, reputation or experience of counsel*," the Court must exercise billing judgment for them. *Norman*, 836 F.2d at 1301 (emphasis in original). The "goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection," and so "trial courts may take into account their overall sense of a suit, and

may use estimates in calculating and allocating an attorney's time." *Fox v. Vice*, 563 U.S. 826, 838 (2011).

Although Counsel did not provide a total, I have added up the time recorded on the itemized billing statement, which totals 5.45 itemized hours for Jimenez, and 10.38 hours for Lanfranco. *See* Dkt. 27-1. I find the requested hours unreasonable.

First, litigants may only seek fees for those claims they are the "prevailing party" on. Counsel's billing records do not parcel out specifically what time was spent on the claims she prevailed on and what time was spent on the claims that ultimately were unsuccessful. Although counsel states she has voluntarily reduced her overall hours by two hours to account for this difference, her itemized billing records do not account for this reduction. *See* Dkt. 27-1. Counsel's failure to comply with such a basic time-keeping requirement significantly impacts the Court's review of the requested fees. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) ("The applicant . . . should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims.").

Second, there are many time entries that are simply inappropriate for reimbursement. Counsel's billing records contain excessive time spent on drafting simple motions, time billed for impermissible tasks, and hours spent on tasks that were required only because of counsel's professional error. For example, between August 29, 2023, and February 1, 2024, when the Complaint was filed, 2.91 hours were spent on preliminary matters such as "Case Review:

Review case Update Chart," "Review case with JJ," "Call with client: Client called for case update" all before a complaint is even drafted in this case. *See* Dkt. 27-1 at 1. On February 15, February 28, March 25, June 6, July 22, August 22, September 11, and September 12, 2024, time was billed for "Case Review," "Review case with JJ," or some other similarly worded administrative task. *Id.* On May 7, 2024, .46 hours were billed for drafting "response to order to show cause," while on the same day, .55 additional hours were billed for "Response to order." *Id.* On May 13, 2024, .12 hours were billed by Lafranco for "Finalize and File: Response to order to show cause," and .65 hours were billed by Jimenez for "Review and revise response to order to show cause." *Id.* at 2. These are a few examples of the excessive time entries and time spent on non-reimbursable tasks.

To be clear, counsel includes in her request work that is not compensable. Administrative or nonlegal clerical work is a non-reimbursable part of a law firm's overhead. *Ceres Env't Servs., Inc. v. Colonel McCrary Trucking, LLC*, 476 F. App'x 198, 203 (11th Cir. 2012). And time spent by counsel correcting their own mistakes should not be charged to a defaulting party. *See Brown v. Lawn Enf't Agency, Inc.*, 369 F. Supp. 3d 1224, 1227 (N.D. Fla. 2019) (prevailing party should not recover fees for time spent correcting the party's counsel's error); *Mobley v. Apfel*, 104 F. Supp. 2d 1357, 1360 (M.D. Fla. 2000) ("[T]ime devoted to correcting one's own errors should not be reimbursable."). In sum, upon review of the submitted

records, I conclude these obvious errors and others represent a substantial lack of billing judgment.

The Court may reduce the number of unreasonably high hours by either conducting an hour-by-hour analysis or by applying an across-the-board cut, but not both. *Bivins*, 548 F.3d at 1352 (citing *Loranger v. Stierheim*, 10 F.3d 776, 783 (11th Cir. 1994)). After carefully reviewing the billing records, and because I cannot determine the reasonableness of the hours requested because counsel has not parceled out which hours were spent on only the claims she ultimately prevailed on, I recommend reducing the claimed hours across-the-board by fifty percent. *See, e.g.*, *Hiscox Dedicated Corp. Member, Ltd. v. Matrix Grp. Ltd., Inc.*, No. 8:09-cv-2465, 2012 WL 2226441, at *6 (M.D. Fla. June 15, 2012) (across-the-board reductions to address the inclusion of work performed pursuing unsuccessful claims); *Pass-A-Grille Beach Cmty. Church, Inc. v. City of St. Pete Beach*, No. 8:20-cv-1952, 2022 WL 1242482, at *5 (M.D. Fla. Apr. 11, 2022), *report & recommendation adopted*, 2022 WL 1239352 (M.D. Fla. Apr. 27, 2022) (across-the-board reductions to account for excessive billing practices).

I conclude reducing the fees sought by half is appropriate considering the pervasiveness of the improper billing practices and the inability to parcel out the hours spent on the unsuccessful claims.

I therefore respectfully recommend the Court award Plaintiff $1,622.25 in attorney's fees.[4]

### C. Costs

Plaintiff also asks the Court to award her $470.00 in taxable costs. Dkt. 27 at 12. Counsel represents these costs include $405.00 for fees of the Clerk and $65.00 for the service of the summons and subpoena. *Id.* Although Counsel should have submitted a proposed bill of costs to the Clerk to tax these costs, I will address the request here. *Compare* Local Rule 7.01(a) (requiring a motion to request *non-taxable* costs) *with* Fed. R. Civ. P. 54(d) (providing procedure for recovery of taxable costs).

A prevailing party may recover costs as a matter of course unless otherwise directed by the Court or applicable statute. *See* Fed. R. Civ. P. 54(d)(1). Congress has determined the costs that are recoverable under Rule 54(d). *See* 28 U.S.C. § 1920; *see also Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–42 (1987). Fees paid to the Clerk are allowable taxable costs. 28 U.S.C. § 1920(1); *Strickland v. Air Rescue Air Conditioning, Inc.*, No. 8:15-cv-1017, 2016 WL 11581971, at *4 (M.D. Fla. Aug. 25, 2016), *report and recommendation adopted*, 2016 WL 11581970 (M.D. Fla. Sept. 12, 2016). Fees paid to private process servers are taxable too, provide such fees do not exceed the statutory fees charged by the United States Marshals Service. *See EEOC v. W&O, Inc.*, 213 F.3d 600,

---

[4] This amount is 50% of the total amount of attorney's fees Counsel is claiming on the itemized billing sheet found on Dkt. 27-1.

624 (11th Cir. 2000). The Marshals Service currently charges $65 per hour for service, which is the amount sought here. *See* 28 U.S.C. § 1921 (authorizing the Marshals Service to collect fees for serving process); 28 C.F.R. § 0.114 (regulation imposing fee schedule for certain services). And so, those costs are taxable too.

Because the costs sought are taxable and allowable, I respectfully recommend the Court award Plaintiff $470.00 in costs.

## IV. RECOMMENDATION

Accordingly, I respectfully **RECOMMEND** the Court:

1. **GRANT in part** Plaintiff's Motion for Attorney's Fees (Dkt. 27);

2. **AWARD** Plaintiff a total of $2,092.25, consisting of an award of attorney fees in the amount of $1,622.25 and costs in the amount of $470.00;

3. **DIRECT** the Clerk to enter an amended judgment for Plaintiff and against Defendant in that amount; and

4. **DENY** the remainder of Plaintiff's Motion.

### Notice to Parties

"Within 14 days after being served with a copy of [a report and recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id*. A party's failure to serve and file specific objections to the proposed findings and

recommendations alters review by the district judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

**ENTERED** in Orlando, Florida, on June 4, 2025.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

Copies to:

Hon. Gregory A. Presnell

Counsel of Record